## In the Matter of FEDERATED DEPART-MENT STORES, INC. and Allied Stores Corporation, et al., Debtors.

### Bankruptcy No. 1–90–00130.
United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 21, 1991.

---

Dennis J. Broderick, Gen. Counsel, Frank G. Julian, Director Tax Counsel, John R. Sims, Deputy Gen. Counsel, Cincinnati, Ohio, Federated/Allied, Kenneth L. Betts, Mark E. Betzen, Dallas, Tex., Richard M. Cieri, Scott J. Davido, Cleveland, Ohio, Kathleen Gagich, Columbus, Ohio, Lyle G. Ganske, Cleveland, Ohio, Henry L. Gompf, Dallas, Tex., Robert Graves, Chicago, Ill., Paul E. Harner, Columbus, Ohio, David G. Heiman, Carl M. Jenks, (Tax), Katherine B. Jenks (Litigation), Cleveland, Ohio, David S. Kurtz, Cory Lipoff, Chicago, Ill., Craig N. Meurlin, Cleveland, Ohio, Glen Nager, Washington, D.C., Robert A. Profusek, Dallas, Tex., Michael D. Shumate, New York City, William H. Steinbrink, John L. Sterling, Cleveland, Ohio, Robert H. Stone, Dallas, Tex., Patrick F. Sullivan, Cleveland, Ohio, John W. Zeiger, Columbus, Ohio, Debra K. Mealy, Chicago, Ill., Jones, Day, Reavis & Pogue, Edmund J. Adams, Kim Martin–Lewis, Mike Haverkamp, Cincinnati, Ohio, Frost & Jacobs, William M. Rowe, KPMG Peat Marwick, Cincinnati, Ohio, Craig Freeman, Price Waterhouse, Bethesda, Md., Carter Evans, James Harris, Peter Morgan, Shearson Lehman & Hutton, New York City, Stephen F. Cooper, Steven G. Panagos, Zolfo Cooper, New York City, for Federated/Allied.

Lewis S. Rosenbloom, Jill Kosmin, Karen M. Gebbia, Winston & Strawn, Chicago, Ill., Stephen D. Strauss, Porter, Wright, Morris & Arthur, Cincinnati, Ohio, James R. Giuliano, III, Kenneth Leventhal & Co., New York City, for Federated Creditors' Committee.

Lawrence C. Gottlieb, Jay Randall Indyke, Siegel, Sommers & Schwartz, New York City, William T. Hayden, Cohen, Todd, Kite & Stanford, Cincinnati, Ohio, Jack A. Weisbaum, B.D.O. Seidman, New York City, for Allied Creditors' Committee.

Lawrence M. Handlesman, Robert A. Raskin, Stroock & Stroock & Lavan, Barry M. Monheit, Arthur Anderson & Co., Mark Gallogly, The Blackstone Group, L.P., Harvey R. Miller, Edward A. Sutherland, Weil, Gotshal & Manges, New York City, for Federated Bondholders' Committee.

Ellen R. Werther, Jonathan M. Jacobson, Scott E. Ratner, Coudert Brothers, David J. Boland, Coopers & Lybrand, David J. Supino, Sandy Lamb, Lazard Freres & Co., New York City, for Allied Bondholders' Committee.

Peter A. Ivanick, Angela J. Summers, New York City, Ralph R. Mabey, Salt Lake City, Utah, LeBoeuf, Lamb, Leiby & MacRae, Nicholas Sakellariadis, Smith Barney, Harris Upham & Co., New York City, for Premerger Bondholders' Committee.

Harvey R. Miller, Edward A. Sutherland, Weil, Gotshal & Manges, David L. Bleich, Marc. M. Rossell, Henry Weisburg, Susan P. Johnston, Shearman & Sterling, New York City, for Citibank, N.A.

Richard S. Toder, Zalkin, Rodin & Goodman, New York City, for Chemical Bank.

Peter V. Pantaleo, O'Melveny & Myers, New York City, for GE Capital Corp.

William B. Gannett, Robert Usadi, Cahill Gordon & Reindel, Thomas D. Levy, Martin E. Segal Co., Washington, D.C., Eugene Keilin, Keilin & Bloom, New York City, for Official Retirees' Committee.

Philip Gleacher, Gleacher & Co., Martin Nachimson, Ernst & Young, New York City, for Secured Creditors' Committee.

Bruce Bennett, Michael Morris, Frank Merola, Isaac M. Pachulski, Stutman, Treister & Glatt, Richard D. Fybel, Rena Ahern, Carla Hamre, Morrison & Foerster, Los Angeles, Cal., for Federated Stores, Inc.

**574**

Neil J. Weill, Atty., in charge, Cincinnati, Ohio, Charles M. Caldwell, Asst. U.S. Trustee, Columbus, Ohio, Conrad J. Morgenstern, U.S. Trustee, Cleveland, Ohio, U.S. Trustees' Office.

## DECISION AND ORDER ON DEBTOR'S MOTION FOR DECLARATORY JUDGMENT

### (Retiree Benefits)

J. VINCENT AUG, Jr., Bankruptcy Judge.

Debtors move for a declaratory judgment that their Plan of Reorganization is eligible for confirmation without a provision for the continuation of retiree benefits for pre-petition retirees *if* the Debtors have neither reached an agreement with the Official Retiree Committee ("Committee") under § 1114(e)(1)(B) of the Bankruptcy Code nor received a court order under § 1114(g) of the Bankruptcy Code modifying the benefits of these retirees. (Docs. 5236, 5237, 5867) Several of the creditor committees support Debtors in this effort to bring clarity to negotiations that have become clouded by vastly differing theories of the meaning of the Bankruptcy Code. (Docs. 5819, 5856, 5863, 5870)

The Committee opposes the motion on the merits based on its interpretation of § 1129(a)(13) of the Bankruptcy Code. In addition, the Committee argues that this Court lacks jurisdiction to hear the motion, and that there is no justiciable issue that is ripe for this Court to decide. (Docs. 5762, 5894)

At the hearing held on September 26, 1991, it became apparent that the parties could not even agree whether impasse had been reached in their negotiations. The Court considers this factor to be a threshold issue greatly affecting the issue of ripeness.

The Court requested that the Debtors and the Committee continue their negotiations and report back to the Court on October 10, 1991. The parties have done so (Docs. 6063, 6131) and this Court finds ample evidence that, because of the complexities of the economic issues remaining in contention, the rapidly approaching confirmation hearing, and the chasm that exists over the parties' understanding of the legal effects of failure to reach an agreement, true impasse exists at this time and it is proper and necessary for this Court to rule on the merits of the pending motion for declaratory judgment.

The Court hereby makes the following Findings of Fact and Conclusions of Law:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor and the Committee are the necessary and proper parties to confer jurisdiction upon this Court. This Court will not be deciding any substantive post-confirmation rights affecting any individual pre-petition retiree.

3. This matter is ripe for decision under 28 U.S.C. §§ 2201–2202.

4. Nothing in 11 U.S.C. § 1129(a)(13) operates to create an automatic "vesting" of all pre-petition benefits to retirees for the rest of their lives. Section 1129(a)(13) was intended to protect retirees only during the pendency of the Chapter 11 proceeding.

5. Section 1129(a)(13) cannot be interpreted in a vacuum. It is intended to be read in conjunction with § 1114. The statutes read together envision a process of, (1) temporary protection of retirees' rights, (2) good faith negotiations, (3) mechanisms for proposals by the Debtor for modifications to retirees' benefits, and (4) a possibility for Court intervention and ultimate decision by the Court by way of the confirmation process (in effect, a fairness hearing). This procedure may be invoked by either party.

6. The cases of *In re Doskocil Co.*, 130 B.R. 870 (Bankr.D.Kan.1991) and *In re Chateaugay Corp.*, 111 B.R. 399 (S.D. N.Y.1990), cited by both parties, stand simply for the proposition that expiration of old contract rights involving retiree benefits may operate to short-circuit the modification process outlined above.

Furthermore, we agree with the Debtor that § 1129(a)(13) creates no new substantive rights to benefits for pre-petition retirees. We also note that expiration of old contract rights is not the only factor that can trigger an end to the negotiation process envisioned in §§ 1129 and 1114. Obviously, dismissal or conversion of a Chapter 11 case will leave pre-petition retirees with nothing more or less than their old contract rights or an unsecured claim.

7. In this case the process outlined above, although presently stalled, is alive and well. The Committee need not fear a "wipeout" of its rights following confirmation if the Committee makes good faith responses to proposals from the Debtor, or proposes its own treatment and makes its

case based on economic reality in a § 1114(g) proceeding.

8. Relying on a mistaken theory of "vesting" as the Committee has espoused will not, by itself, constitute good cause under § 1114(g)(2) for rejecting a proposal for modification of benefits by the Debtors and indeed will be a perilous tactical decision. In other words, the Committee must now focus on the economic realities of proposed modifications.

9. Debtors argue correctly that interpreting § 1129(a)(13) as a "vesting" provision would be a windfall to pre-petition retirees and put them well ahead of post-petition retirees. This "vesting" would be an added benefit for which pre-petition retirees did not bargain, and one which neither the Code nor case law authorizes.

10. Section 1129(a)(13) only envisions that benefits will continue during Chapter 11, and that *some* benefit at *some* level will continue as long as there exists a viable process of, (1) Committee formation, (2) negotiations, (3) proposals and responses, (4) if necessary, proposals to the Court, and (5) fairness hearings during the confirmation process.

11. In conclusion, the Bankruptcy Code and case law mandates a finding in favor of the Debtors on the motion for declaratory judgment. The present posture of this case, however, by no means enables the Debtor to unilaterally embark on a course to "wipeout" the pre-petition retirees the day after a confirmation hearing. With proper emphasis on the economic realities of this case, the Committee will be fully able to prevent such a result.

IT IS SO ORDERED.